**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:17-cr-364-MOC-1**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **ARBREY LATAVIS MOORE,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 45). Defendant, a 36-year-old black male currently incarcerated in the Tallahatchie County Jail in Tutweiler, Mississippi, seeks a reduction of his sentence based on the COVID-19 pandemic. The Government opposes the motion.

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, the Government notes in its opposition brief that because Defendant is not in BOP custody, he cannot use any remedies to exhaust. The Government concedes that "Defendant has demonstrated repeated attempts at exhaustion and the unavailability of any further remedies to exhaust. Therefore, under these circumstances, the exhaustion requirement does not bar the Court from considering the instant motion." (Doc. No. 47 at 3). Thus, the Court will address the merits of Defendant's motion.

Defendant has not established extraordinary and compelling reasons to warrant a sentence reduction at this time. Defendant has not submitted evidence to the Court showing that he has an increased health risk from COVID-19. Moreover, as the Government notes, Defendant's motion

is based on the fact that Mississippi is one of the states with the fastest-growing cases of COVID-19. As the Third Circuit has recognized, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020). Finally, to the extent that Defendant is asking for this Court to release him to home confinement, Defendant's request for such relief falls outside Section 3582(c)'s limited grant of authority to this Court to modify a sentence post-conviction. Because Section 3582(c) deprives the Court of jurisdiction to grant home confinement and because Defendant offers no other statutory authority to support his request for such relief, this Court has no authority to act on his request for such relief in this forum. In addition, the Government notes that the BOP has informed the Government that Defendant is a medium security inmate and, therefore, would not be considered for home confinement under the CARES Act.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 45), is **DENIED**.

Signed: August 3, 2020

Max O. Cogburn Jr.
United States District Judge