UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cr-364-MOC-DSC-1

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **ARBREY LATAVIS MOORE,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence.[1] (Doc. No. 49). Defendant seeks early release from prison under 18 U.S.C. § 3582(c)(1)(A) based on the COVID-19 pandemic. The Government has responded in opposition to the motion.

**I.     BACKGROUND**

On September 18, 2017, Charlotte-Mecklenburg Police Department (CMPD) officers found Defendant driving a stolen car. (PSR ¶ 5). The officers tried to pull Defendant over, but Defendant fled from the officers at a high speed. (Id. at ¶ 6). Defendant parked his car in a neighborhood, grabbed a black backpack from the car, and ran away from the car. (Id. at ¶ 7). A CMPD officer found Defendant hiding behind a bush. (Id.). Defendant told officers that he had marijuana and a firearm in his black backpack. (Id.). Inside the backpack, officers found six pounds of marijuana and a Glock, model 22, .40 caliber pistol with a fully loaded extended 30

---

[1] On July 14, 2020, Defendant, through counsel, filed his first motion asking this Court to reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A) and order his immediate release, relying on the threat posed by the COVID-19 pandemic. (Doc. No. 45). This Court denied Defendant's motion on August 3, 2020. (Doc. No. 48).

round magazine.  (Id. at ¶ 8).

On January 2, 2018, Defendant pled guilty to one count of possession of a firearm by a felon and one count of possession with intent to distribute marijuana.  Defendant had prior convictions for assault on a government official, possession of stolen goods, attempted trafficking in marijuana, among others.  (PSR at ¶¶ 58, 65, 67).  On February 11, 2020, Defendant received a sentence of 57 months imprisonment, to be followed by two years of supervised release.

Defendant, age thirty-six, is currently incarcerated at FCI Cumberland in Cumberland, Maryland.  At FCI Cumberland, BOP has reported that 18 out of 1,063 total inmates have confirmed active cases of for COVID-19.  See BOP COVID-19 Cases Information, available at https://www.bop.gov/coronavirus/index.jsp (accessed December 28, 2020).  According to BOP records, as of December 16, 2020, Defendant has served three years, two months, and thirteen, which BOP officials calculate as roughly 79.1% of his anticipated statutory term of imprisonment.  (Gov. Ex. 1, at 3).  Defendant's projected release date with full good time credit is October 21, 2021.  (Id.).  Defendant filed the present motion for compassionate release on December 7, 2020.[2]  (Doc. No. 49).  As an attachment to his motion, Defendant included a notification from his case manager indicating that he is scheduled for entry into a halfway house on June 17, 2021.  (Id. at p. 19).

---

[2] On October 25, 2020, Defendant requested compassionate release to the BOP.  (Id. at 3).  His request was forwarded to his facility's warden.  (Id. at 1).  On November 18, 2020, the warden issued a letter communicating a decision to deny Defendant's request with instructions on how Defendant may commence an appeal of the decision.  (Id.).  The present motion was filed after the passage of 30 days from the presentation of Defendant's request to the warden; therefore, the Government has not contested the Court's authority to act on Defendant's Motion.  18 U.S.C. § 3582(c)(1)(A).

## II. DISCUSSION

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a non-binding policy statement addressing motions for reduction of sentences under § 3582(c)(1)(A).[3] As relevant here, the non-binding policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this

---

[3] In a recent decision, the Fourth Circuit determined that the policy statement is no longer binding on courts deciding compassionate release motions because U.S.S.G. § 1B1.13 was enacted before the First Step Act. United States v. McCoy, 2020 WL 7050097 (4th Cir. Dec. 2, 2020). Specifically, the Fourth Circuit held that the policy statement found in U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by inmates under 18 U.S.C. § 3582(c)(1)(A)(i). Id. at **6–9. The McCoy Court reasoned that, because Section 1B1.13 applies only to motions brought by the Bureau of Prisons, it cannot be the policy statement applicable in circumstances where defendants bring their own motions for compassionate release. Id. In place of the no-longer-applicable policy statement, McCoy permits "courts [to] make their own independent determinations of what constitutes an 'extraordinary and compelling reason[ ]' under § 3582(c)(1)(A), as consistent with the statutory language[.]" Id. at *9. The McCoy Court noted, however, that Section 1B1.13 "remains helpful guidance even when motions are filed by defendants." Id. at *7 n.7. Because this Court finds that the policy statement is extremely helpful in assessing motions for compassionate release brought by defendants, the Court will rely on it as guidance.

policy statement." U.S.S.G. § 1B1.13.

The policy statement includes an application note specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, in addition to the non-binding policy statement, the Fourth Circuit has recently clarified that courts may make their own independent determinations as to what constitute "extraordinary and compelling reasons" to warrant a reduction of sentence under Section 3582(c)(1)(A). United States v. McCoy, 2020 WL 7050097 (4th Cir. Dec. 2, 2020).

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, cannot alone provide a basis for a sentence reduction. The conditions described in U.S.S.G. § 1B1.13 encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may

-4-

spread to a particular prison alone cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a motion under Section 3582(c)(1)(A). If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19,[4] that condition may satisfy the standard of "extraordinary and compelling reasons." Under these circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I).

Here, Defendant's medical records indicate that Defendant suffers from chronic back pain from a gunshot wound in his lower back. The BOP provides him with ibuprofen to help manage any pain in his back. There is no evidence in Defendant's medical records that he has been diagnosed with any of the risk factors for COVID-19 identified by the Centers for Disease Control and Prevention ("CDC"). Overall, the content of Defendant's medical records support that he is a thirty-six-year-old man in good health. Defendant has not provided evidence of any other "extraordinary and compelling reason" that may warrant compassionate release under Section 3582(c)(1)(A)(i).

Even if Defendant could demonstrate "extraordinary and compelling" reasons for the

---

[4] See Centers for Disease Control, People with Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (as of November 23, 2020).

Court to consider a sentence reduction, the statutory sentencing factors weigh in favor of Defendant's continued incarceration. This Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). Title 18, United States Code 3553(a) provides, in relevant part, that a sentence should be sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(A)-(C).

With regard to the nature and circumstances of Defendant's conduct, he is unable to overcome an offense that involved fleeing in a stolen car from pursuing officers, possessing a stolen .40 caliber pistol with a fully loaded extended 30 round magazine, and possessing six pounds of marijuana. (PSR at ¶¶ 6-8). The danger of Defendant's conduct was even more pronounced by the potentially deadly combination of drugs and firearms. See United States v. Manigan, 592 F.3d 621, 630 (4th Cir. 2010) (finding that "drugs and guns form a lethal combination that can lead to violence") (internal quotations and citations committed). Defendant committed these crimes after amassing a lengthy criminal history, including convictions for assault on a government official, assault on a female, possession of a stolen vehicle, possession of stolen goods, driving while impaired, attempted trafficking in marijuana, and multiple convictions for resisting an officer, among others. (PSR at ¶¶ 41, 42, 47, 52, 58, 63, 65, 67). Defendant was on probation for attempted drug-trafficking in North Carolina until July 28, 2017. (Id. at ¶ 67). Within two months of his probation ending, Defendant was found fleeing from the police in a stolen car with a stolen firearm and six pounds of marijuana. Defendant's prior

-6-

Case 3:17-cr-00364-MOC-DSC   Document 54   Filed 01/06/21   Page 6 of 8

criminal history and offense conduct support a continued need for his sentence to promote specific deterrence as well as general deterrence. Accordingly, in light of Defendant's record and the totality of relevant circumstances, this Court will deny Defendant's request for a sentence reduction.

Finally, this Court also denies Defendant's alternative request for an order directing the BOP to transfer him to home confinement. Once a sentence is imposed, BOP is solely responsible for determining an inmate's place of incarceration. See 18 U.S.C. § 3621(b); Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). A court has no authority to designate a prisoner's place of incarceration. United States v. Voda, 994 F.2d 149, 151–52 (5th Cir. 1993). Because Defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request.

Moreover, there is no constitutional or statutory authority allowing the Court to order home confinement. A prisoner has no constitutional right to confinement in any particular place, including in home confinement. See Sandin v. Conner, 515 U.S. 472, 478 (1995) ("the Due Process Clause did not itself create a liberty interest in prisoners to be free from intrastate prison transfers."); Meachum v. Fano, 427 U.S. 215, 224 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons."). Following the imposition of sentence, the Court has limited jurisdiction to correct or modify that sentence absent specific circumstances enumerated by Congress in 18 U.S.C. § 3582. United States v. Garcia, 606 F.3d 209, 212 n.5 (5th Cir. 2010) (per curiam). Section

3582(c) contemplates only a reduction in sentence. See § 3582(c). For these reasons, Defendant's request for home confinement is denied.

In sum, in light of Defendant's record and the totality of relevant circumstances, this Court denies the motion for a sentence reduction. Having thus considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 49), is **DENIED**.

Signed: January 6, 2021

*[Signature]*

Max O. Cogburn Jr.
United States District Judge